RINKER (MERRILL v.). See Case No. 9,471.

RIO GRANDE, The (OTIS v.). See Cases Nos. 10,613 and 10,614.

## Case No. 11,852.

### In re RIORDEN.

[14 N. B. R. 332.] [1]

District Court, S. D. New York. June, 1876.

BANKRUPTCY — PREFERRED CREDITOR — PROOF OF DEBT — SURRENDER — MOIETY OF DEBT — CONSTRUCTIVE FRAUD.

1. If the assignee accepts the amount received by a preferred creditor after he has put in his proof, and the creditor has put in considerable proof before the special examiner to whom the action has been referred, and dismisses his suit upon payment of costs, this is a surrender, and the creditor may prove his debt.

[Distinguished in Re Kaufman, Case No. 7,627.]

2. The provision which prevents a creditor, in case of actual fraud, from proving more than a moiety of his debt, only applies when there has been a recovery.

[Disapproved in Re Stein, Case No. 13,352. Cited in Re Graves, 9 Fed. 820.]

3. A mere fraud on the bankrupt law by accepting a preference in violation of its provisions, is not an actual fraud.

[Cited in Re Bousfield & Poole Manuf'g Co., Case No. 1,703; Streeter v. Jefferson County Bank, 147 U. S. 46, 13 Sup. Ct. 239.]

This was a proceeding under general order No. 34, instituted by the assignee to re-examine and expunge the proof of debt of H. K. Thurber & Co., on the ground that they, as creditors of the bankrupt, had received a preference which disabled them from proving their debt. The case was briefly this: On the 5th of November, 1873, John Riorden was adjudicated bankrupt, under a petition filed on the 13th day of September, 1873, against him. Thomas D. Whitney was appointed assignee. On May 21st, 1873, a little less than four months prior to the filing of the petition, Riorden was indebted to H. K. Thurber & Co. in the sum of three thousand four hundred and sixty-nine dollars, and on that day assigned to that firm securities amounting to about three thousand three hundred dollars in payment of such indebtedness. The assignee, after his appointment, and on January 6th, 1874, demanded from H. K. Thurber & Co. the securities or the proceeds of them, received by that firm from Riorden the bankrupt. They refused this demand. On April 14th, 1874, the assignee commenced a suit in the United States district court, Southern district of New York, against Thurber & Co., to recover the securities received by them, on the ground that they were a preference. Thurber & Co. defended that suit. It was referred to a special examiner to take the proofs. The complainant put in his proof and rested. The defendants put in a large amount of proof, but before they rested, they surrendered to the assignee the entire amount received by them from the bankrupt, and paid the taxable costs up to the time of the surrender. The assignee received the amount surrendered with the costs, and gave a receipt for

[1] [Reprinted by permission.]

the same, together with a stipulation for the discontinuance of the suit. Afterwards H. K. Thurber & Co. proved their debt against the bankrupt, and the assignee petitioned the court to expunge the proof, on the ground that Thurber & Co. had fraudulently received the preference, and, not having relinquished it until after they were sued, that they were thereby disabled from proving their claim. The register took the proofs and certified them up to the court. There was no actual fraud.

Thorndike Saunders, for the assignee, cited and relied mainly upon Burr v. Hopkins [Case No. 2,192], claiming that, inasmuch as Thurber & Co. had not surrendered until sued, they were not entitled to surrender and prove their debt as matter of right; but were liable to pay the expenses of the suit by the assignee against them, including counsel fees as a condition.

Nelson Smith, for H. K. Thurber & Co.

I. A creditor who has received a preference is entitled, as a matter of absolute right, upon making a surrender, to prove his debt without being liable to any condition or contingency whatever. In re Kipp [Case No. 7,836]; Hood v. Karper [Id. 6,664]; In re Stephens [Id. 13,365]; In re Leland [Id. 8,-230]. In Re Leland, Mr. Justice Blatchford held that a creditor who had received a preference could not prove his debt without a surrender; but upon making it, it is apparent, from the reasoning of the learned judge, that he would be absolutely entitled to prove his debt.

II. The statute only prohibits the proof of debt when a preference has been recovered by the assignee in a suit in a court of competent jurisdiction. Any surrender prior to judgment is not a recovery within the meaning of the act, and, as the act only prohibits the proof of debt where a recovery has been had, the creditor is entitled, at any time prior to recovery, to prove his debt upon making the surrender. This has been held in numerous adjudications. In re Montgomery [Cases Nos. 9,726, 9727], per Blatchford, J.; In re Kipp [supra]; In re Tonkin [Case No. 14,094], per Longyear, J.; In re Davidson [Id. 3,599], per Longyear, J.; In re Scott [Id. 12,518], per Longyear, J. To the same effect is the decision of Judge Dillon, in the United States circuit court, in Bean v. Brookmire [Id. 1,168].

III. It is immaterial whether a suit has or has not been commenced before the surrender. In re Kipp [supra], per Longyear, J. When a suit has been brought by the assignee to recover the preference, the preference may be surrendered even after the decision, the judgment being suspended to permit the creditor to consider whether he will elect to surrender before the final decree. So held by McKenna, judge of circuit court, and Cadwallader, district judge in the United States circuit, Eastern district of Pennsylvania. Hood v. Karper [supra].

IV. There was no actual fraud here on the part of Thurber & Co. It was lawful for them to accept a preference, they taking their chances whether their debtor should, within the time prescribed by law, be proceeded against in bankruptcy. Such chance was not a fraud in fact, but a risk. The preference only created an obstacle to the proof of debt while it lasted. When surrendered, the obstacle to such proof was removed. In re Forsyth [Case No. 4,948].

V. The case of Burr v. Hopkins [supra], relied upon by the opposing counsel, is distinguishable from this. There the suit to recover the preference had been tried, and a decision adverse to the creditor rendered. The creditor was consequently in the hands of the court, and Judge Drummond held that the right to surrender and prove his debt was a matter of discretion to be permitted only on terms. That is not this case.

BLATCHFORD, District Judge. I think the preference was surrendered, within the meaning of the statute, it having been surrendered before there was a recovery. That surrender was accepted, and the assignee discontinued the suit voluntarily, and thereby is estopped from alleging that there was no surrender. The assignee might have refused to accept the surrender or discontinue the suit except on condition that he should have the same benefit of objecting to the proof of debt as if the money had been obtained as the result of a recovery. But he imposed no such condition. If he had imposed it, and it had been refused, he might have gone on with the suit, in order, in case of his recovering it, to exclude a proof of the debt. Having waived a recovery, he thereby waived the right to exclude the proof of debt. But it is alleged that there was in this case actual fraud. I do not think the provision of section 12 of the act of June 22, 1874 [18 Stat. 180], in regard to proving a debt, by a creditor, in case of "actual fraud" on his part, applies to any other case than where there is a recovery. But, in addition, there was no actual fraud in this case. There was only a constructive fraud, a fraud on the statute, because things forbidden by the statute were done. There was nothing done by the creditors except what was perfectly lawful and fair and honest, and was not fraudulent as to the debtor or as to other creditors, but for the inhibitions of the bankruptcy act. That was not an "actual fraud." The proof of debt must be allowed to stand.